# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| WELLS FARGO BANK, NATIONAL ASSOCIATION, as Trustee, | ) ) ) |
| Plaintiff, | ) ) ) |
| v. | ) Case No. CIV-12-889-M ) |
| SHANE E. RICHARDSON, an individual, et al., | ) ) ) ) |
| Defendants. | ) |

## ORDER

Before the Court is Plaintiff's Motion for Summary Judgment, filed March 12, 2015. On May 11, 2015, defendant Shane E. Richardson ("Richardson") responded, and on May 19, 2015, plaintiff replied. Based on the parties' submissions, the Court makes its determination.

## I. Introduction[1]

On October 21, 2005, Richardson, for good and valuable consideration, made, executed, and delivered to WMC Mortgage Corp., and its successors and assigns, including plaintiff, a promissory note (the "Note"), in writing, promising and agreeing to pay the holder of the Note the sum of $198,000.00 with interest thereon at the rate of 6.9% per annum on the unpaid balance. In order to secure the payment of the Note, Richardson made, executed, and delivered to Mortgage Electronic Registration Systems, Inc., solely as the nominee for WMC Mortgage Corp., and its successors and assigns,

---

[1] The following facts, unless identified as disputed, are undisputed.

including plaintiff, a mortgage (the "Mortgage") encumbering the real property (the "Property") located at:

> Lot Twenty Five (25) of Block Four (4) of SORGHUM MILLS ESTATES SECTION 2 OF EDMOND, OKLAHOMA COUNTY, OKLAHOMA, AS SHOWN BY THE RECORDED PLAT THEREOF;

Mot. for Summ. J. at 3 ¶ 2. On October 28, 2005, the Mortgage was recorded in the office of the County Clerk of Oklahoma County, State of Oklahoma.

Plaintiff alleges that it is the current holder of the Note and assignee of the Mortgage and has maintained this status uninterrupted since the commencement of this action; a fact that Richardson disputes. Richardson is the present record owner of the Property and is currently in default under the Note. The Note and Mortgage has been in constant default since July 1, 2009. The amount due to plaintiff on the Note and Mortgage is the sum of $189,951.13 with 6.9% interest per annum. Richardson has made no tender of payment to reinstate the Note; there has been no extension or renewal of the Note, nor has Richardson made any arrangement or agreement to delay the entry of judgment in this foreclosure action. Further, no other defendant, including Richardson, has contested the validity of the Mortgage or the validity of the Mortgage lien upon the Property, nor has any defendant, including Richardson, contested the genuineness, authenticity, and execution of the Note and Mortgage.

Plaintiff commenced this foreclosure action on July 10, 2012, in the Oklahoma County District Court, State of Oklahoma. Richardson removed this action to this Court

on August 16, 2012, and plaintiff now moves this Court, pursuant to Federal Rule of Civil Procedure 56, for summary judgment in its favor.

II.     Summary Judgment Standard

"Summary judgment is appropriate if the record shows that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law. The moving party is entitled to summary judgment where the record taken as a whole could not lead a rational trier of fact to find for the non-moving party. When applying this standard, [the Court] examines the record and reasonable inferences drawn therefrom in the light most favorable to the non-moving party." *19 Solid Waste Dep't Mechs. v. City of Albuquerque*, 156 F.3d 1068, 1071-72 (10th Cir. 1998) (internal citations and quotations omitted).

"Only disputes over facts that might affect the outcome of the suit under the governing law will properly preclude the entry of summary judgment. Furthermore, the non-movant has a burden of doing more than simply showing there is some metaphysical doubt as to the material facts. Rather, the relevant inquiry is whether the evidence presents a sufficient disagreement to require submission to a jury or whether it is so one-sided that one party must prevail as a matter of law." *Neustrom v. Union Pac. R.R. Co.*, 156 F.3d 1057, 1066 (10th Cir. 1998) (internal citations and quotations omitted).

III.    Discussion

Richardson contends that there is a genuine issue of material fact precluding the Court from granting summary judgment in favor of plaintiff in this matter. Specifically, Richardson asserts that it is a disputed fact as to whether plaintiff was in actual

possession of the Note when this action commenced and that plaintiff, as a debt collector, violated the Fair Debt Collection Practices Act ("FDCPA"). Plaintiff contends that at the time this action was commenced it was in possession of the Note and that it is not a debt collector and, therefore, is not subject to the FDCPA.

"To commence a foreclosure action in Oklahoma, a plaintiff must demonstrate it has a right to enforce the note and, absent a showing of ownership, the plaintiff lacks standing." *U.S. Bank, N.A. ex rel. Credit Suisse First Boston Heat 2005-4 v. Alexander*, 280 P.3d 936, 940-41 (Okla. 2012). Further,

> It is a fundamental precept of the law to expect a foreclosing party to actually be in possession of its claimed interest in the note, and to have the proper supporting documentation in hand when filing suit, showing the history of the note, so that the defendant is duly apprised of the rights of the plaintiff. This is accomplished by showing the party is a holder of the instrument or a nonholder in possession of the instrument who has the rights of a holder, or a person not in possession of the instrument who is entitled to enforce the instrument pursuant to 12A O.S.2001, § 3–309 or 12A O.S.2001, § 3–418.

*Id.* at 942.

Plaintiff contends that it has possessed the note at all times relevant to this action and that when it commenced this action a copy of the Note was attached to the Petition indorsed in blank.[2] Richardson contends that there are genuine issues of material fact in this case because: (1) during this action, Richardson has received two copies of the Note, one indorsed and one not indorsed; (2) plaintiff has failed to comply with this Court's

---

[2] A blank indorsement of an instrument is an indorsement made by the holder of an instrument that does not specifically identify a person. The instrument is payable to the bearer of the instrument. *See* Okla. Stat. tit. 12A, § 3-205.

Order requiring plaintiff to produce information to show it was in possession of the Note prior to the commencement of this action; and (3) the conflicting testimony of plaintiff's Rule 30(b)(6)[3] witness, Kevin Flannigan ("Flannigan"), raises a significant factual issue as to whether plaintiff had standing to bring this action.[4]

The Court has carefully reviewed the parties' briefs and evidentiary submissions. Viewing the evidence in the light most favorable to Richardson and viewing all reasonable inferences in Richardson's favor, as the Court must when addressing a motion for summary judgment, the Court finds that Richardson has not presented sufficient evidence to create a genuine issue of material fact as to whether plaintiff had standing to commence this action. Specifically, the Court finds that a review of the Petition shows that a copy of the Note indorsed in blank was attached. The indorsed Note attached to the Petition was sufficient to apprise Richardson of plaintiff's right to commence this action. Further, the Court finds that plaintiff failed to complied with the Court's April 27, 2015 Order, the Court requiring plaintiff "to produce discovery to Richardson demonstrating that it was actually in possession of the Note at the time it commenced this instant action." April 27, 2015 Order [docket no. 76]. A review of the evidence in this case shows that plaintiff has satisfied the Court's Order.[5] Additionally, the Court finds that Flannigan did not give conflicting testimony in his deposition and Affidavit. Flannigan

---

[3] Federal Rule of Civil Procedure 30(b)(6) provides that, when an entity, such as a private corporation, is noticed or subpoenaed for deposition that entity may designate a representative who consents to testify on the entity's behalf. *See* Fed. R. Civ. P. 30(b)(6).

[4] Flannigan was initially deposed on January 23, 2015, and followed up his deposition with an Affidavit supplementing his deposition testimony on February 25, 2015.

[5] Both parties, in their brief submissions, have indicated that the original Note has been produced and Richardson has inspected the Note.

initially testified in his deposition that he was unsure of the physical location of the Note on July 10, 2012, and in his Affidavit, Flannigan confirmed that "according to the records, the Plaintiff is the person entitled to enforce the promissory note and mortgage at issue in this proceeding." Richardson's Resp. Ex. 3, Affidavit in Support of Motion for Summary Judgment. The Court finds that Flannigan's Affidavit is not conflicting testimony but testimony clarifying Flannigan's deposition testimony. Finally, as to Richardson's claim that plaintiff violated the FDCPA, Richardson has failed to provide any evidence demonstrating plaintiff is a debt collector subject to the FDCPA.

Therefore, the Court finds that as a matter of law, plaintiff is entitled to summary judgment in this action.

## IV. Conclusion

Accordingly, for the reasons set forth above, the Court GRANTS Plaintiff's Motion for Summary Judgment [docket no. 49].

**IT IS SO ORDERED this 3rd day of June, 2015.**

*/s/ Vicki Miles-LaGrange*
VICKI MILES-LaGRANGE
CHIEF UNITED STATES DISTRICT JUDGE